**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4380**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

EDWARD LEE WATKINS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:05-cr-00258-D)

Submitted:  November 6, 2007        Decided:  November 21, 2007

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edward Lee Watkins appeals the district court's revocation of his supervised release and imposition of a twenty-four month prison term. On appeal, Watkins contends his revocation sentence was plainly unreasonable because it exceeded his policy statement range of four to ten months. We affirm.

This court will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439 (4th Cir. 2006), cert. denied, 127 S. Ct. 1813 (2007). In making this determination, the court first considers whether the sentence is unreasonable. Id. at 438. This initial inquiry takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007)(citations omitted).

While the district court must consider the policy statements contained in Chapter Seven of the Sentencing Guidelines as "helpful assistance," and the statutory requirements and factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583, the court ultimately has broad discretion to revoke the previous sentence and impose a term of imprisonment up to the statutory maximum. Crudup, 461 F.3d at 438-39. The court must provide a statement of reasons for the sentence imposed, as with

the typical sentencing procedure, but this statement need not be as specific as has been required for departing from a traditional guidelines range. Moulden, 478 F.3d at 657. Only if this modified "reasonableness" analysis leads us to conclude that the sentence was unreasonable, do we ask whether it is "plainly" so. Id.

Watkins began serving his term of supervised release on July 27, 2005. On October 6, 2005, his term of supervised release was modified to include halfway house placement and mental health treatment because Watkins had been charged with second degree trespass. On August 4, 2006, Watkins tested positive for cocaine use. On March 19, 2007, a probation officer filed a second amended motion for revocation of Watkins' supervised release, citing six violations, including three that occurred after Watkins was released from custody pending his revocation hearing.[*]

Watkins admitted the violations and asked the court to consider a six-month halfway house placement. The district court acknowledged that Watkins' policy statement range was four to ten months, but concluded that a sentence of twenty-four months, the

---

[*]The probation officer alleged: (1) Watkins used a controlled substance on February 12, 2007; (2) Watkins failed to participate as directed in a substance abuse treatment program by failing to attend counseling sessions on ten occasions between October 2006 and February 2007; (3) Watkins failed to perform community service and had only completed 28.45 of the 200 hours ordered; (4) Watkins used cocaine on March 15, 2007; (5) Watkins consumed alcohol on March 14, 2007; and (6) Watkins failed to follow the probation officer's instructions not to leave the probation office after testing positive for cocaine use on March 15.

statutory maximum, was appropriate.  See <u>U.S. Sentencing Guidelines</u> <u>Manual</u> § 7B1.4; 18 U.S.C. § 3565(a)(2)(2000).

Watkins contends the increase in his sentence above the policy statement range was plainly unreasonable.  We disagree.  The district court considered the policy range under Chapter Seven, but sentenced Watkins to the statutory maximum based on his need for mental health and substance abuse treatment and on his pattern of repeated violations.  It was reasonable for the court to take into account not only the severity of Watkins' most severe violation, but also the number of violations.  See <u>Moulden</u>, 478 F.3d at 658.

We therefore affirm Watkins' sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>